This proceeding was commenced several months ago by filing in this court a petition for writ of habeas corpus to secure the release of Lee Sunday from confinement in the State Penitentiary.
The rule to show cause was issued and upon return being filed the cause was set for hearing and oral argument.
The evidence disclosed that petitioner was charged jointly with two other parties in the district court of Muskogee county with the forgery of a check in the sum of $10. The petitioner, upon his arraignment in district court, entered a plea of guilty and was sentenced to serve five years in the penitentiary, but the execution of the judgment was suspended during good behavior of petitioner. A few months later petitioner pleaded guilty to the charge of public drunkenness. Subsequent to that time the county attorney of Muskogee county filed a motion to revoke the suspended sentence of petitioner, and on *Page 146 
March 30, 1939, the district court of Muskogee county entered an order revoking the suspended sentence of petitioner and he was committed to the State Penitentiary where he has since been confined.
The evidence further disclosed that the two parties who were charged jointly with petitioner served about 30 days in the county jail while awaiting trial on said charges and then were released and never brought to trial. They were equally guilty with the petitioner.
After petitioner was committed to the penitentiary he was made a trusty and fled. After being apprehended by the officers the defendant entered a plea of guilty in the district court of Atoka county to the charge of escaping from the State Penitentiary and was sentenced to serve two years in the State Penitentiary.
The present county attorney, the former county attorney who prosecuted defendant, the district judge and many other parties familiar with him, testified in his behalf, but there was nothing in their testimony which showed that the judgment and sentence pronounced against petitioner was void. Rather, their appeal was in the nature of recommendation for clemency on account of the excessiveness of punishment rendered for the passing of a $10 check.
At the time of the oral argument, this court stated from the bench that the writ of habeas corpus would be denied but expressed itself as being in sympathy with the contention that petitioner had served enough time in the penitentiary for the offense which he had committed. Formal opinion of this court has been withheld in order to give the petitioner an opportunity to present his request for clemency to the Governor. Several months have passed and it is apparent that no clemency will be *Page 147 
granted petitioner. This is no doubt due to the fact that his prison record discloses that he was an old offender.
Because of the reasons hereinabove stated, the writ of habeas corpus is denied.